IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN WINTERS,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:18-cr-195-TC |

Prisoner Brian Winters moves this court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asking for an order reducing his three-year sentence to time served. He is currently scheduled to be released November 7, 2020. He bases his motion on fear that his health is seriously threatened because the COVID-19 virus has spread to the facility where he is held.

Given the record before the court, Mr. Winters has not satisfied the statute's "extraordinary and compelling reasons" criteria and has not shown that a balance of factors set forth in 18 U.S.C. §§ 3142 and 3553 warrants early release. Accordingly, his motion is denied.

## FRAMEWORK FOR COMPASSIONATE RELEASE ANALYSIS

Mr. Winters brings his motion under 18 U.S.C. § 3582, as amended by the First Step Act[1]

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

1

(often referred to as the compassionate release statute). According to the statute, the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such reduction ... and that such a reduction is consistent with applicable policy statements by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The factors under 18 U.S.C. § 3553(a) include the nature of the crime, the defendant's characteristics and history, the danger to the public, and the sentencing range.

Before Congress passed the First Step Act, only the Bureau of Prisons (BOP) could bring a motion under § 3582 requesting that the court reduce a prisoner's sentence. Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights" with the BOP. Id. § 3582(c)(1)(A) (emphasis added). If the BOP has not filed a motion on the defendant's behalf, the defendant, to be eligible for the court's consideration of his motion for release under Act, must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Id.

As noted above, the statute requires that a sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission[.]" Id. That phrase has given rise to disagreement about the court's discretion to define "extraordinary and compelling reasons."

The statute does not define "extraordinary and compelling reasons." But the United States Sentencing Commission (USSC) defined it before Congress passed the First Step Act, when Congress mandated that the USSC, "in promulgating general policy statements regarding

the sentencing modification provisions in section 3582(c)(1)(A) of title 18, <u>shall describe what should be considered extraordinary and compelling reasons</u> for sentence reduction, including the criteria to be applied <u>and a list of specific examples</u>…." 28 U.S.C. § 994(t) (emphasis added).

Following the mandate, the USSC, in the United States Sentencing Guidelines (USSG), issued that policy statement in USSG 1B1.13, which describes the circumstances allowing a court, upon motion by the BOP, to reduce a defendant's term of imprisonment. The Policy Statement requires a finding that "[e]xtraordinary and compelling reasons warrant the reduction" or that "the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned[.]" USSG 1B1.13(1)(A)–(1)(B). The Policy Statement also calls for a conclusion that "[t]he defendant is not a danger to the safety of any other person in the community, as provided in 18 U.S.C. § 3142(g)[.]" USSG 1B1.13(2). And, along similar lines, the Policy Statement requires the court to balance the § 3553(a) factors.

In the Commentary Application Notes, the USSC defines "extraordinary and compelling reasons" in terms of the defendant's (A) medical condition,[2] (B) advanced age,[3] (C) family circumstances,[4] or (D) "Other Reasons." USSG 1B1.13 Commentary Application Notes 1(A)-

---

[2] The "Medical Condition" category applies when the defendant is (1) "suffering from a terminal illness," (2) "suffering a serious physical or medical condition," (3) suffering a serious functional cognitive impairment," or (4) "experiencing deteriorating physical or mental health because of the aging process," and the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG 1B1.13 Commentary Application Note 1(A)(i)-(ii).
[3] The "Age" category requires that "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG 1B1.13 Commentary Application Note 1(B).
[4] "Family Circumstances" consist of "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse

3

(D). The "Other Reasons" catch-all provision simply says, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG 1B1.13 Commentary Application Note 1(D).

The Policy Statement has not been amended since the First Step Act was passed, so the USSC has not yet weighed in on the change. Still, the United States, in its opposition to Mr. Winters' motion, relies on the Policy Statement, arguing that it is controlling even when the defendant, not the BOP, files the motion: "In light of the statutory command that any sentence reduction be 'consistent with applicable policy statements issued by the Sentencing Commission, § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well." (U.S. Opp'n to Mot. for Compassionate Release ("U.S. Opp'n") at 8 n.2, ECF No. 127.)

This court has held, in a non-COVID-19 case, that the Policy Statement does not curtail its discretion to determine what circumstances are extraordinary and compelling under § 3582. In United States v. Maumau, the court

> join[ed] the majority of other district courts that have addressed this issue in concluding that it has the discretion to provide Mr. Maumau with relief, even if his situation does not directly fall within the Sentencing Commission's current policy statement. Under the First Step Act, it is for the court, not the Director of the Bureau of Prisons, to determine whether there is an "extraordinary and compelling reason" to reduce a sentence.

No. 2:08-cr-758-TC, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020), stayed pending appeal, No. 20-4056 (10th Cir. June 1, 2020). In this and other districts, courts have reached the same

---

or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG 1B1.13 Commentary Application Note 1(C).

4

conclusion when addressing motions raising COVID-19-related reasons for release.

> Since the onset of the COVID-19 pandemic, many courts "have agreed that [extraordinary and compelling] reasons exist in cases involving defendants whose serious underlying health conditions place them at an elevated risk of infection and death from COVID- 19 while in custody." United States v. Lopez, No. 18-CR-2846 MV, 2020 WL 2489746, at *2 (D.N.M. May 14, 2020) (unpublished). Of the courts that have reached such a conclusion, several "have based their finding on the Sentencing Commission's catch-all provision for 'other' extraordinary and compelling reasons" in the Application Notes. Id. Conversely, other courts have reached this determination based on "a plain reading of § 3582(c)(1)(A) after concluding that the [relevant] policy statement no longer applies." Id. Either way, "a majority of federal district courts have found . . . that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." United States v. Perez, No. 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) (unpublished).

United States v. Wadley, No. 2:18-cr-408-DAK, 2020 WL 3270880, at *2 (D. Utah June 17, 2020) (unpublished).

As evidenced below, the only possible outlet for the defendant under the Policy Statement is the "Other Reasons" category, which does not provide any measurable criteria. Consequently, regardless of whether the court follows the Policy Statement or simply looks to the statute, the analysis of the "extraordinary and compelling reasons" prong is essentially the same.

## **ANALYSIS**

Mr. Winters has the burden to establish that he is entitled to a sentence reduction under § 3582. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Jackson, — F. Supp. 3d —, No. 1:19-cr-347 (TNM), 2020 WL 3402391, *2 (D.D.C. June 19, 2020), appeal filed, No. 20-3046; United States v. Holroyd, — F. Supp. 3d —, No. 1:17-cr-234-2 (TNM), 2020 WL 2735664, *2 (D.D.C. May 26, 2020), appeal filed, No. 20-3041. For the reasons set forth below, the court finds that Mr. Winters has not established an extraordinary and

5

compelling reason for sentence reduction and has not shown that the balancing of the § 3142(g) and § 3553(a) factors weighs in favor of his early release.

1. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Typically, an inmate must exhaust all administrative remedies before filing a motion for compassionate release. But under certain circumstances, courts have waived the statutory exhaustion requirement for inmates who are not being held in a BOP facility, such as when they are housed at a county jail. See, e.g., United States v. Alam, 960 F.3d 831, 832–34 (6th Cir. 2020) (holding that exhaustion requirement is administrative claims-processing rule rather than jurisdictional); United States v. Mathews, No. 15-40094-01-DDC, 2020 WL 4335010, at *2 (D. Kan. July 28, 2020) (finding Alam analysis persuasive and holding that Tenth Circuit would reach same conclusion). But see, e.g., United States v. Valenzuela, No. 15-CR-01460-WJ, 2020 WL 5439803, at * 2 (D.N.M. Sep. 20, 2020) ("With no binding precedent from the Tenth Circuit, this Court sides with those which have concluded that district courts lack authority to waive the requirement as Defendant requests."); United States v. Drayton, No. 10-20018-01-KHV, 2020 WL 4673161, at *1–2 (D. Kan. Aug. 12, 2020) (construing exhaustion requirement as jurisdictional rather than a claims-processing rule).

Because Mr. Winters filed his motion while housed at Weber County Jail, he contends he is not required to exhaust his administrative remedies. In Mr. Winters' case, the court need not determine whether he is entitled to an exception to the exhaustion rule, because he does not satisfy the statute's other requirements.

2. **EXTRAORDINARY AND COMPELLING REASONS**

Although Mr. Winters began serving his sentence at the BOP prison in Florence, Colorado, he was recently transferred to a Residential Rehabilitation Facility and then to Weber

County Jail to serve out the remainder of his sentence. At the time he filed his motion, Mr. Winters wrote that there were "over 100 confirmed cases of COVID-19 at the Weber County Jail. This represents a substantial portion of the population at the jail," and because of "the serious health threat posed by this outbreak," he asserts that "it is the type of extraordinary circumstance required for the Court to grant compassionate release." (Mot. for Compassionate Release at 2, 5, ECF No. 122.)

Mr. Winters relies purely on existence of the risk that he may contract the virus. He does not claim he has any medical condition that, according to CDC guidance,[5] would make him particularly susceptible to serious illness or death if he is infected.

The court has found in previous orders that the existence of the Pandemic is not by itself an extraordinary and compelling reason for release, and that the existence of infections in the facility where the defendant is incarcerated, without more, is also not a sufficient reason. If the

---

[5] According to the CDC, older adults and people with certain underlying medical conditions are at increased risk for severe illness, or even death. CDC, CORONAVIRUS DISEASE 2019 (COVID-19), *People Who Are At Increased Risk For Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last modified June 25, 2020). The older the person, the greater the risk. CDC, CORONAVIRUS DISEASE 2019 (COVID-19), *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Aug. 16, 2020). "In fact, 8 out of 10 COVID-19 deaths reported in the U.S. have been in adults 65 years and older." Id. In addition, a person of any age definitely has an increased risk of severe illness if he has one or more of following CDC-identified chronic conditions: cancer; chronic kidney disease; COPD (chronic obstructive pulmonary disease); immunocompromised state from a solid organ transplant; obesity (a body mass index (BMI) of 30 or higher); serious heart conditions such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; and type 2 diabetes mellitus. CDC, CORONAVIRUS DISEASE 2019 (COVID-19), *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020). Finally, the CDC has determined that the following chronic conditions *might* put a person at higher risk: asthma, hypertension (high blood pressure), type 1 diabetes mellitus, and pulmonary fibrosis (damaged or scarred lung tissues). Id.

defendant is at risk for severe illness or death if he contracts the virus, that is an extraordinary and compelling reason under the statute.

But Mr. Winters has not alleged that he suffers from any of the underlying conditions identified by the CDC that would elevate his risk of serious illness or death. For that reason, he has not established an extraordinary and compelling reason for his release.

### 3. CONSIDERATION OF FACTORS IN 18 U.S.C. §§ 3142 AND 3553

Even if Mr. Winters had established an extraordinary and compelling reason under the first prong of the analysis, the court finds that he poses a danger to the community and that other factors in 18 U.S.C. § 3553(a) weigh against his release.

The Policy Statement says that a finding of extraordinary and compelling reasons for release must be accompanied by a finding that the defendant "is not a danger to the safety of any other person or community, as provided in 18 U.S.C. § 3142(g)," and that the balance of the § 3553(a) factors weighs in favor of release. USSG 1B1.13(2). Some of the relevant factors set out in 18 U.S.C. § 3142(g) include "the nature and circumstances of the offense charged"; the history and characteristics of the defendant such as his mental condition, past conduct, family ties and community ties; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." The statute mandates a similar approach, requiring the court to analyze the request by considering the factors in 18 U.S.C. § 3142(g) and balancing the factors in 18 U.S.C. § 3553(a).[6]

In 2018, Mr. Winters was indicted on two counts of violation of 18 U.S.C. § 844(i) for

---

[6] The § 3553(a) factors include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed –

destroying or attempting to destroy an ATM by fire or explosive. In April 2019, based on a Rule 11(c)(1)(C) plea agreement, he pled guilty to one charge of being a convicted felon in possession of an explosive, and the court sentenced him to three years in prison followed by a three-year period of supervised release.

Mr. Winters has served all but two months of his sentence of incarceration. Because he is currently scheduled to be released on November 7, 2020 (see Mot. at 1), immediate release would shave two months off his sentence.

Having evaluated the factors set forth in 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a), the court determines Mr. Winters is not entitled to the relief he seeks. To begin, Mr. Winters received a thirty-six-month sentence, which was substantially below the sentencing guideline range of 110 to 120 months. (Presentence Investigation Report at 29, ECF No. 126-1.) He has a significant criminal history. (See id.; U.S. Opp'n at 15.) He also violated rules at the Residential Rehabilitation Facility where he had been sent in anticipation of the end of his term of incarceration. (See U.S. Opp'n at 2.) Because of his bad behavior, he was sent to Weber County Jail. (Id.) Those reasons, along with the seriousness of his crime, which could have brought a

---

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established … in the guidelines …;
(5) any pertinent policy statement … issued by the Sentencing Commission …;
(6) the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

much longer sentence, convince the court that Mr. Winters has not satisfied his burden under the statute and must serve the very short remainder of his three-year sentence.

## ORDER

For the foregoing reasons, Defendant Brian Winters' Motion for Compassionate Release (ECF No. 122) is DENIED.

DATED this 14th day of September, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge